**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>VS.<br><br>**THOMAS SIMMONS,**<br><br>**Defendant** | NO. 3: 06-CR-31 (CAR)<br><br>VIOLATION: DRUG RELATED |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned. The defendant was represented by Mr. Lester Miller of the Macon Bar; the United States was represented by Assistant U. S. Attorney Tamara A. Jarrett. Based upon the evidence proffered to the court by counsel for the government and the defendant, and the contents of the Pretrial Service Report from the Northern District of Georgia dated August 21, 2006, noting that the defendant did not contest the government's motion and proffer, I conclude that the following facts require the detention of the defendant pending the trial of this case. With the permission of the court, counsel for the government not objecting, counsel for the defendant specifically reserves the right to request the court to reopen this matter in the event he discovers additional pertinent and favorable evidence.

### PART I - FINDINGS OF FACT

☒ (1) There is PROBABLE CAUSE to believe that the defendant has committed an offense

　　☒ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.
　　☐ under 18 U.S.C. §924(c).

☒ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### ALTERNATIVE FINDINGS

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered at the DETENTION HEARING, as supplemented by information contained in the Pretrial Services Report of the U. S. Probation Office dated August 21, 2006, independently establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the future appearance and the safety of the community were defendant SIMMONS to be released from custody at this time. The offense charged against the defendant is a serious drug offense for which he faces long-term imprisonment if convicted; his estimated guideline sentencing range is 92 months to 115 months in prison. The weight of evidence appears to be strong, with a confidential informant being utilized to facilitate the purchase of methamphetamine from the defendant.

**Defendant Simmons has a lengthy arrest record (mostly misdemeanors) but has a conviction in Banks County, Georgia in 1999 for POSSESSION WITH INTENT TO DISTRIBUTE METHAMPHETAMINE for which he is currently on probation. The offense charged in the [federal] indictment is alleged to have occurred while he was on probation supervision for a similar state drug offense. Defendant Simmons admits to a history of both marijuana and methamphetamine use, stating that prior to incarceration, he was using methamphetamine approximately twice a week.**

**The defendant has resided in the Northern District of Georgia his entire life. He has no ties to the Middle District of Georgia.**

**For the foregoing reasons, pretrial detention is mandated. IT IS SO ORDERED.**

### PART III - DIRECTIONS REGARDING DETENTION

**The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.**

**SO ORDERED, this 12th day of SEPTEMBER, 2006.**



**CLAUDE W. HICKS, JR.**
**UNITED STATES MAGISTRATE JUDGE**