# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | | |
|---|---|---|
| THOMAS SIMMONS, | * | |
| Petitioner, | * | |
| | | CASE NO. 3:07-CV-90026 CAR |
| vs. | * | 28 U.S.C. § 2255 |
| | | CASE NO. 3:06-CR-31 CAR |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner Simmons entered into a Plea Agreement with the Government on November 1, 2006, (R- 23), and pled guilty to Count One of a federal Indictment returned against him, charging distribution of more than 5 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B)(viii) and § 2. (R- 1). The District Judge accepted Petitioner's Plea Agreement at the time of sentencing on March 14, 2007. (R-42). In his plea agreement, Petitioner Simmons states that he "forever waives any right to an appeal or other collateral review of defendant's sentence in any court. However, in the event that the District Court imposes a sentence that exceeds the advisory guideline range, then the defendant shall retain only the right to pursue a timely appeal directly to the Court of Appeals after the District Court imposes its sentence." (PSR, R-23 at Section 3, ¶ (G)).

Notwithstanding his Plea Agreement and the fact that his sentence was entered at the lowest end within the advisory guideline sentence range (R- 39 at page 2), Petitioner Simmons filed a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 on November 30, 2007. (R-35). As concluded in his Memorandum in Support of his Motion To Correct Sentence, Petitioner Simmons states, "[T]he only issue is whether Simmons has been convicted of the requisite two prior

[State] offenses [to be classified as a Career Offender pursuant to U.S.S.G. § 4B1.1]." (R-39 at p.3). While it would appear that Petitioner Simmons has, with the foregoing statement, abandoned a claim that his Sixth Amendment right to effective assistance of counsel had also been violated, he resurrects that argument at the last paragraph on page 4 of his Memorandum, saying:

> Simmons was prejudiced by Attorney Miller's failures. Had Attorney Miller objected to the PSR and at sentencing and filed an appeal, Simmons could not have been sentenced as a career offender based on his State of Georgia conviction for possession of cocaine and would have been sentenced to 70 months. . . . Wherefore, in the interest of justice, Simmons request his sentence be corrected to 70 months.

Petitioner is correct in singling out whether his prior State felony convictions sufficed to classify him as a career offender pursuant to U.S.S.G. § 4B1.1. If his PSR was correct that he did, in fact, have two prior felony offenses qualifying him for career offender treatment under U.S.S.G. § 4B1.1, then any objection by his attorney to the PSR or Petitioner's sentence relative to the career offender finding would have been totally without merit and would not serve as the basis of any claim of ineffective assistance of counsel. Counsel cannot be considered ineffective for failing to raise claims that lack merit. *See Alvord v. Wainright,* 725 F.2d 1282, 1291 (11th Cir. 1984).

Simmons attached, as Appendix 1 to his Appendix To Memorandum (R-39-2), an uncertified copy of his State Sentence from The Superior Court of Banks County, showing convictions for Possession of Methamphetamine With Intent to Distribute and Possession of Cocaine. Petitioner contents that these convictions were the two felony controlled substance convictions used by this court to classify him as a career offender pursuant to U.S.S.G. § 4B1.1. Petitioner Simmons argues that, because all of his Banks County sentences were pronounced the same day, that they are single offenses.

U.S.S.G. § 5A1.2(a) provides:

> (1) The term "prior sentence" means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere,* for conduct no part of the instant offense.
>
> (2) If the defendant has multiple prior sentences, determined whether those sentences are counted separately or as a single sentence. <u>Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest</u> (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense).

Petitioner's single offense argument fails with a reading of the plain language of U.S.S.G. § 5A1.2(a). There is no dispute that Petitioner's Count I State offense, in Banks County Superior Court Case # 99-CR-158-A, Possession of Methamphetamine With Intent To Distribute, occurred on February 3, 1999, and that he was released on bond shortly thereafter. See PSI ¶ 38, 39. Petitioner's contention that Possession of Cocaine is not one of the offenses enumerated under U.S.S.G. § 4B1.2(b) to qualify a defendant as a career offender is correct. However, Petitioner disregards his second qualifying conviction noted in the PSR at ¶ 42, referencing Banks County Superior Court Case #99-CR-204-M, charging Possession of Methamphetamine With Intent To Distribute for which Petitioner received a second ten year sentence. This offense was committed on May 28, 1999. See PSR ¶ ¶ 42, 43. Note that these two controlled substances offenses satisfy the career criminal enhancement requirements of U.S.S.G. §4A1.2(a)(2) in that they do not constitute a single sentence from counts contained in the same case. Even though the sentences may have been issued on the same day, they were from two distinct cases, both in case numbers, and in separate dates of arrest. Further, these two sentences satisfy the career offender enhancement requirements of U.S.S.G. § 4B1.2(b) in that they are, by definition, controlled substance offenses pursuant to U.S.S.G.

3

§ 4B1.1(a).  Petitioner Simmons cannot maintain his contention that the court could not have classified him as a career offender. Therefore, there is no basis for his claim of ineffective assistance of counsel. Petitioner's criminal history, which was verified by the records of the Banks County Superior Court , clearly establishes that Petitioner Simmons had two prior controlled substance offenses within the definition of U.S.S.G. § 4B1.1(a) and U.S.S.G. § 4B1.2(b).  See Addendum attached To The Presentence Report, submitted to the court in response to Petitioner's Objections to the PSR, under date of January 22, 2007.

**WHEREFORE IT IS RECOMMENDED** for all of the foregoing legal conclusions that Petitioner Simmons Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 be DENIED.   Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 27th day of February 2008.


S/ G. MALLON FAIRCLOTH
 UNITED STATES MAGISTRATE JUDGE