THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **THOMAS SIMMONS,** : <br> : <br> Petitioner, : <br> : Case No. 3:07-cv-90026 (CAR) <br> v. : 28 U.S.C. § 2255 <br> : Case No. 3:06-cr-31 (CAR) <br> **UNITED STATES OF AMERICA,** : <br> : <br> Defendant. : <br> _____ : | |

### ORDER ON RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Recommendation of the United States Magistrate Judge (Doc. 47) that Petitioner's Motion to Correct Sentence (Doc. 45) be denied. Petitioner has entered a timely Objection to the Recommendation. The Court has reviewed the Recommendation, Petitioner's Objection, and the other documents in the case, and agrees with the Recommendation. For the reasons set forth therein, Petitioner's Motion to Correct Sentence (Doc. 45) is **DENIED**.

In his Motion, Petitioner contends that his sentence was based on an improper determination that he was a career offender as defined by the Federal Sentencing Guidelines, at U.S.S.G. § 4B1.1. The Guidelines provide that a defendant is a career offender if that defendant has at least two prior felony convictions of either a crime

1

of violence or a controlled substance offense. At Petitioner's sentencing, it was shown that Petitioner had been sentenced in the Superior Court of Banks County, Georgia, on two separate indictments for possession of methamphetamine with intent to distribute. Although the sentencing for both cases took place on the same day, apparently as part of a consolidated plea agreement, the offenses occurred at different times, and Petitioner had already been arrested for the first offense at the time he committed the second offense. As the Magistrate Judge observed, the Guidelines require prior sentences to be counted separately "if the sentences were imposed for offenses that were separated by an intervening arrest." U.S.S.G. § 5A1.2(a)(2). Because the two felony offenses for which Petitioner had been previously sentenced were separated by an intervening arrest, he was properly classified as a career offender under the Guidelines.

In his Objection to the Recommendation, Petitioner contends that the second indictment for possession of methamphetamine, Banks County Superior Court Case #99-CR-204-M, was dismissed as part of his plea agreement. He claims that he was sentenced only on the first charge, Banks County Superior Court Case #99-CR-158-A, and on a possession of cocaine charge that would not count toward career offender status. Petitioner's contention is simply untrue, and seems to be an outright misrepresentation. He submitted with his Objection a copy of the conviction from one

of his cases, representing that it was evidence he had only been sentenced on the earlier charge. The document, however, has been crudely redacted so that the case number and the actual sentence are not legible. The Court has legible copies, however. At sentencing, the Court was presented with certified copies of both convictions, which show clearly that Petitioner was sentenced on Case #99-CR-158-A to ten years in prison for one count of possession of methamphetamine with intent to distribute and one count of possession of cocaine, and on Case #99-CR-204-M to ten years in prison for one count of possession of methamphetamine with intent to distribute, to be served concurrently. Electronic copies of these convictions are attached to this Order. These convictions show that Petitioner was in fact a career offender as defined by the Guidelines. As such, his sentencing in this case was appropriate and needs no correction.

     It is SO ORDERED this 6th day of October, 2009.


                    S/ C. Ashley Royal
                    C. ASHLEY ROYAL, JUDGE
                    UNITED STATES DISTRICT COURT

chw